IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>MANUEL AGUILERA,<br><br>               Defendant. | 8:24–CR–70<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |

      This matter is before the Court on Defendant Manuel Aguilera's Motion to Dismiss the Indictment. Filing 26. The Indictment includes one count alleging that Aguilera unlawfully possessed firearms despite knowing that he was "an alien illegally and unlawfully in the United States," in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(8). Filing 1 at 1. Specifically, Count I of the Indictment charges the following:

> On or about February 7, 2023, in the District of Nebraska, Defendant MANUEL AGUILERA, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed in and affecting commerce a Bryco Arms 38, .380 ACP handgun and Browning BT-99, 12 gauge shotgun, both which had been shipped and transported in interstate commerce.
>
> In violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

Filing 1 at 1.

      The United States filed a response opposing Aguilera's Motion to Dismiss. Filing 32. Having considered their respective submissions, other pertinent portions of the record, and the governing law, the Court concludes that Aguilera's Motion is foreclosed by binding Eighth Circuit precedent. Because this Court is duty-bound to apply the controlling law of this Circuit, his Motion is denied.

1

## I. BACKGROUND

Aguilera's Motion does not provide any background information regarding the factual circumstances of his case apart from briefly reciting the nature of his indictment. *See generally* Filing 26. Aguilera also did not include any evidentiary materials along with his Motion, nor cite to any portion of the record for factual support. *See generally* Filing 26. Aguilera contends that both on its face and as applied to him, "Section 922(g)(5) violates the Fifth Amendment's due process guarantee of equal protection and the Second Amendment's right to bear arms." Filing 26 at 1. However, he expressly "recognizes that *United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023) controls and forecloses the relief" he seeks. Filing 26 at 1. Aguilera explains that this Motion has therefore been submitted for the purposes of preserving the issue for appeal. Filing 26 at 1. He further requests that the Court defer ruling on his as-applied challenge until trial. Filing 26 at 1.

## II. ANALYSIS

In *Sitladeen*, the United States Court of Appeals for the Eighth Circuit considered both Second Amendment and Fifth Amendment challenges to 18 U.S.C. § 922(g)(5)(A). 64 F.4th at 982. It denied both. *Id.* With respect to the defendant's Second Amendment argument, the Eighth Circuit concluded that "until the Supreme Court or our *en banc* court determines otherwise, the law of our circuit is that unlawful aliens are not part of 'the people' to whom the protections of the Second Amendment extend." *Id.* at 987. As for the defendant's Fifth Amendment equal protection argument, the Eighth Circuit aligned itself with the Fourth Circuit in concluding that "'no fundamental constitutional right is at stake' under § 922(g)(5)(A) that would trigger heightened scrutiny" on this challenge. *Id.* at 988–89 (quoting *United States v. Carpio–Leon*, 701 F.3d 974, 982 (4th Cir. 2012)). Therefore, because the Eighth Circuit determined that § 922(g)(5)(A)'s

2

differential treatment of unlawfully present aliens was supported by some rational basis, the defendant's equal protection challenge failed. *Sitladeen*, 64 F.4th at 989.

Aguilera concedes in his Motion that this Court is bound by *Sitladeen*, and that the Court therefore cannot grant him the relief he seeks. Filing 26 at 1. The Court agrees. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) ("[A] lower court should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions. This is true even if the lower court thinks the precedent is in tension with some other line of decisions" (internal quotation marks and citations omitted)); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (noting that a district court located within the Eighth Circuit is "bound . . . to apply the precedent of this Circuit"). The Court will not commit "fundamental error" by dismissing the Indictment on grounds the Eighth Circuit has said do not warrant dismissal. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (describing the district court's failure to follow Eighth Circuit precedent as "fundamental error"). Accordingly, the Defendant's facial challenge to § 922(g)(5)(A) is denied.

As previously noted, Aguilera asks that this Court defer ruling on his as-applied challenge to § 922(g)(5)(A) until trial. Filing 26 at 1. Assuming for the sake of argument that it is proper for this Court to entertain an as-applied challenge to this statute, Aguilera has not provided the Court with any information that would enable the Court to do so.[1] *See United States v. Lehman*, 8 F.4th

---

[1] The Eighth Circuit has recognized that certain as-applied challenges may be considered by district courts with respect to some offenses enumerated under 18 U.S.C. § 922(g), but not others. *Compare United States v. Cameron*, 99 F.4th 432, 435 (8th Cir. 2024) (cleaned up) (noting that the Eighth Circuit has "concluded that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1) as applied to a particular defendant"), *with United States v. Veasley*, 98 F.4th 906, 918 (8th Cir. 2024) (rejecting a facial challenge to § 922(g)(3) while reserving the question of whether a conviction under this statute based upon a different individual's set of circumstances might pass constitutional muster "for another day"); *but see id.* at 919 (Gruender, J., concurring) ("I also would avoid the court's *dicta* regarding potential as-applied challenges" to § 922(g)(3)").

754, 757 (8th Cir. 2021) ("An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional on the facts of the particular case") (internal quotations and citations omitted). As previously noted, the Defendant did not include any attachments or evidentiary materials along with his Motion. The Court will therefore not rule on any potential as-applied challenge at this time because one has not been properly made.

### III. CONCLUSION

For the reasons explained above, Aguilera's Second and Fifth Amendment challenges are foreclosed by binding precedent. Accordingly,

IT IS ORDERED: Aguilera's Motion to Dismiss, Filing 26, is denied.

Dated this 20th day of June, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge